# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN GARY, | : | |
| Petitioner | : | |
| v | : | Civil Action No. ELH-17-1255 |
| | | (Related Crim Case ELH-08-86) |
| WARDEN S. KALLIS | : | |
| Respondent | : | |

o0o

## MEMORANDUM OPINION

On May 4, 2017, Kevin Gary, a self-represented federal prisoner incarcerated at FCI-Hazelton Medical Complex in Bruceton Mills, West Virginia, filed a Petition for Writ of Habeas Corpus ("Second Petition"), pursuant to 28 U.S.C. §2241. He alleges that he is illegally detained because prior convictions were improperly used to enhance his federal sentence. ECF 1 at 1. Gary relies on *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2251 (2016). In *Mathis*, the Supreme Court applied the "categorical approach" and determined Iowa's burglary statute could not serve as a predicate violent felony to enhance Mathis's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On the basis of *Mathis*, Gary argues that his two prior convictions for possession with intent to distribute cocaine and heroin were improperly used to enhance his sentence. ECF 1 at 2.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is, instead, more properly construed under 28 U.S.C. § 2255. No hearing is necessary to resolve the Petition.

### I. Factual Background

Gary was indicted on multiple charges on February 21, 2008. The charges included conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). ECF

1. He was one of twenty-eight defendants. On January 9, 2009, Gary entered a plea of guilty to the racketeering charge (ECF 467), pursuant to a Plea Agreement dated December 31, 2008. ECF 468. The plea was entered under Fed. R. Crim. P. 11(c)(1)(C). *Id.* ¶ 9.

According to the "Stipulated Facts" contained in the Plea Agreement, Gary held a position of leadership in the Tree Top Pirus Gang, a subset of the "Bloods." *See generally id.* at 8-18. Wiretap evidence showed that Gary, *inter alia*, facilitated drug transactions; ordered his subordinates to commit acts of violence; and organized the distribution of firearms. *Id.* at 12-17. Gary also stipulated to having sold narcotics (*id.* at 14) and to having participated in a gang-related murder. *Id.* at 15.

On March 27, 2009, Judge William D. Quarles, Jr. sentenced Gary to a term of imprisonment of 360 months, in accordance with the terms of the Plea Agreement. ECF 511; ECF 513. The following day, March 28, 2009, Gary noted an appeal to the Fourth Circuit. ECF 512. On December 29, 2010, the Fourth Circuit affirmed Gary's conviction and dismissed his appeal as to his sentence. *See United States v. Penix and Gary*, 406 Fed. App'x 744 (4th Cir. 2010) (per curiam); *see also* ECF 1138. The mandate issued on January 20, 2011. ECF 1137. Gary did not seek a writ of certiorari to the Supreme Court.

More than two and a half years later, on September 19, 2013, Gary filed a "Motion to Vacate, Set Aside, or Correct Sentence" (the "First Petition"), pursuant to 28 U.S.C. § 2255. ECF 1359. In particular, Gary argued that, in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Judge Quarles should not have sentenced him as a career offender. *Id.* at 4-5. The government filed an opposition. ECF 1372 (the "First Opposition"), along with three

exhibits. ECF 1372-1 through ECF 1372-3. Gary replied. ECF 1396 (the "Reply").[1] Then, on May 5, 2016, the Clerk docketed Gary's "Motion Under 2255 In Light Of Johnson v. United States." ECF 1473 (the "Supplemental Petition"). The Supplemental Petition was based on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). ECF 1473. The government subsequently filed another opposition (ECF 1476, the "Second Opposition"), along with an exhibit. ECF 1476-1.

As noted, in the First Petition, Gary relied on *Simmons*, 649 F.3d 237. He argued that he was improperly designated a career offender because of a prior conviction for robbery in Maryland. ECF 1359 at 4-5 ¶ 13-14; ECF 1372 at 3. Gary contended that his robbery conviction in 2000, in the Circuit Court for Baltimore City, did not qualify as a predicate conviction under § 4B1.2 of the Sentencing Guidelines. *See* ECF 1372 at 5.

However, in addition to Gary's robbery conviction in 2000, the Presentence Report ("PSR," ECF 1487), reflected that on July 10, 2001, Gary was convicted of possession with intent to distribute cocaine, occurred on October 7, 2000. ECF 1487, ¶¶ 47, 48. For that offense, he was sentenced on August 13, 2001, to a period of ten years' incarceration, of which eight years were suspended. *Id.* ¶ 47. And, ¶¶ 49 and 50 of the PSR reflected that Gary was convicted of possession with intent to distribute heroin and conspiracy to distribute heroin, with an offense date of November 4, 2000. On August 13, 2001, the Maryland court imposed a concurrent sentence of ten years' imprisonment, of which eight years were suspended.

In a Memorandum (ECF 1491) and Order (ECF 1492) of August 17, 2016, I concluded that the First Petition was untimely. *See* ECF 1491 at 5-7. Alternatively, I concluded that it

---

[1] This case was reassigned to me on January 29, 2016, as a result of the retirement of Judge Quarles. *See* Docket.

lacked merit. *Id.* at 7-14. Even assuming robbery in Maryland does not constitute a "crime of violence" under the Sentencing Guidelines, I observed that the PSR (ECF 1487) reflected that Gary was also convicted of two prior, separate, and qualifying felony drug offenses. Thus, I said, in part, *id.* at 9: "[B]ased on Gary's two prior and distinct felony drug convictions, and without regard to his [State] robbery conviction, Gary is a career offender."

Finally, I noted that Gary entered his plea under Rule 11(c)(1)(C), by which the parties jointly proposed a sentence of 360 months' incarceration. *Id.* at 13.

## II. Discussion

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a). By contrast, a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255(e).[2] It provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255. In *Jones*, 226 F.3d 328, the Fourth Circuit said that "§ 2255 is inadequate and ineffective to test the

---

[2] 28 U.S.C. § 2255(e) provides, in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* at 333-34.

The Second Petition clearly challenges the validity of the underlying sentence. Regardless of the label or title used by petitioner, the subject matter of the Petition, and not its title, determines its status. *See*, *e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Therefore, the Second Petition is properly construed pursuant to 28 U.S.C. § 2255.

Petitioner has not satisfied the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy. It is well established that a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F.3d at 333; *Vial,* 115 F.3d at 1194 n. 5. A §2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions. *See id.*

Gary argues that changes in the law, subsequent to the filing of his First Petition, now make the underlying Maryland state convictions, used to enhance his federal sentence, ineligible for enhancement. Therefore, he claims that he is entitled to resentencing. A review of the earlier Memorandum (ECF 1491) addressing the First Petition, reveals that the issues raised here were previously addressed.

Although *Mathis*, 136 S. Ct. 2243, was not discussed in the earlier Memorandum, petitioner's reliance on *Mathis* is misplaced. In *Mathis*, the Court used the categorical approach

and explained that a court *generally* must look only to the elements of the offense, not the facts, to determine whether a prior offense qualifies under the ACCA as a predicate offense. The Supreme Court cited, *inter alia*, *Descamps v. United States,* ___ U.S. ___, 133 S.Ct. 2276 (2014). That case was discussed in the prior Memorandum (ECF 1491).

In *Descamps*, decided a year before *Mathis*, the Supreme Court reiterated that the so called modified categorical approach, set forth in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005), does not apply to a state statute with a "single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282. It stated that sentencing courts "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.*; *see, also e.g.*, *Moncrieffe v. Holder*, ___ U.S. ___, 133 S. Ct. 1678, 1684 (2013); *Begay v. United States*, 553 U.S. 137, 141 (2008); *James v. United States*, 550 U.S. 192, 202 (2008).

The *Mathis* Court reiterated that, in order to determine whether a prior conviction qualifies as a violent felony under the ACCA, courts generally rely on the categorical approach. 136 S. Ct. at 2248. The Iowa burglary statute, used as a predicate offense to enhance Mathis's sentence, listed alternative means for satisfying one or more of its elements. The Court concluded that the Iowa statute was broader than the generic definition of burglary and could not be used as a predicate offense. *Id*. at 2248. It stated:

> [T]he elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary). **Under our precedents, that undisputed disparity resolves this case. We have often held,** and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. How a given defendant actually perpetrated the crime . . . makes no difference . . . .

*Id*. at 2251 (emphasis added) (internal citation omitted).

6

The preliminary question is whether *Descamps* or *Mathis* established a new rule or principle of law. The Supreme Court stated in *Teague v. Lane*, 489 U.S. 288 (1989), that a "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 301. In other words, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1264 (2016) (quoting *Teague*, 489 U.S. at 301) (alteration omitted and emphasis added).

Applying this definition, the Supreme Court did not establish a new rule in *Mathis* or in *Descamps*. Rather, it "simply [reaffirmed] the *Taylor/Shepard* approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (addressing *Descamps*). Indeed, the Supreme Court itself recognized in *Descamps* that it was relying on existing precedent. *Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *see also United States v. Morgan*, 845 F.3d 664, 668 (5th Cir. 2017) ("*Descamps* clearly relies on existing precedent. The Court explicitly says so and spends nearly the whole opinion explaining that viewpoint.).

Many courts have considered the question of whether the Supreme Court recognized a new right in *Descamps*. They have concluded that *Descamps* merely reiterated an existing legal principle. *See, e.g.*, *Morgan*, 845 F.3d at 667 ("We agree with our sister courts that *Descamps* did not establish a new rule."); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule—its holding merely clarified existing precedent."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("We agree with other circuits that the decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule."); *Ezell v. United States*, 778 F.3d 762, 766

(9th Cir.) ("*Descamps* clarified application of the modified categorical approach in light of existing precedent."), *cert. denied*, ___ U.S. ___, 136 S. Ct. 256 (2015); *King v. United States*, 610 Fed. App'x 825, 828 (11th Cir.) ("As for *Descamps,* it is not a new rule. It merely applied prior precedent . . . ."), *cert. denied*, 136 S. Ct. 349 (2015); *United States v. Hopson*, 589 Fed. App'x 417 (10th Cir. 2015) ("*Descamps* did not recognize a new right, but rather applied existing doctrine."); *Davis*, 751 F.3d at 775 ("The Supreme Court in *Descamps* explained that it was not announcing a new rule . . . ."); *United States v. Williams*, No. 3:05-CR-173, 2016 WL 7155748, at *4 (E.D. Va. Dec. 7, 2016) ("'[T]he decision in Descamps was dictated by the general principles set forth in existing precedent and did not establish a new rule.'") (quoting *Headbird*, 813 F.3d at 1097) (alteration in *Williams*); *Scott v. United States*, RDB-08-0034, 2016 WL 3162766, at *3 (D. Md. June 7, 2016) (recognizing that *Descamps* does not recognize a new right or apply retroactively on review); *United States v. Owens*, 3:05-CR-264-HEH, 2016 WL 1562917, at *2 (E.D. Va. Apr. 15, 2016) ("*Descamps* . . . is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3)."), *reconsideration denied*, No. 3:05-CR-264-HEH, 2016 WL 5019163 (E.D. Va. Sept. 16, 2016).

The same rationale has also been applied to *Mathis*. *See*, *e.g.*, *Dawkins v. United States,* 829 F. 3d 549, 551 (7th Cir. 2016) (holding *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court); *United States v. Taylor*, ___ Fed. Appx., 2016 WL 7093905, at *4 (10th Cir. 2016)(*Mathis* did not announce a new rule of law); *Adams v. United States*, 2017 WL 1040346 at *3 (D. Maine 2017) (*Mathis* does not apply retroactively as it did not announce a new substantive rule applicable to cases on collateral review); *Dimott v. United States*, 2016 WL 6068114, at *3 (D. Maine 2016) (neither *Mathis* nor *Descamps* announced a newly recognized constitutional right); *Blackwell v. United States*, 2016 WL 5849384, at *4-5

8

(W.D. Va. 2016) (neither *Descamps* nor *Mathis* announced a new rule of constitutional law).

Accordingly, I conclude that the Second Petition is a successive § 2255 petition. Under 28 U.S.C. §2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

However, Gary has not obtained requisite certification from the Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. Consequently, this court may not consider the merits of the claim unless and until petitioner receives the requisite certification.

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. A packet of instructions promulgated by the Fourth Circuit addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. Petitioner must file the pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this court may examine his claims.

Even if this Court were to construe the Second Petition under 28 U.S.C. § 2241, courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This means that in a § 2241 action, the petition should be filed in the district court of the district where petitioner is in custody. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1990) (per curiam). Obviously, Gary has not done so.

In addition, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA. However, the denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

A separate Order follows.

<u>May 23, 2017</u>  \_\_\_\_\_/s/_____
Date  Ellen L. Hollander
United States District Judge